Kenneth E. Aldous (KA-9526)
**ALDOUS PLLC**
555 Fifth Avenue, 17th Floor
New York, New York 10017
(212) 856-7281 (tel)
(646) 607-9363 (fax)
kaldous@aldouspllc.com

Alexandre A. Montagu (AM-6989)
**MONTAGULAW, P.C.**
1120 Avenue of the Americas, 4th Floor
New York, New York  10036
(212) 996-1287 (tel)
(212) 996-9579 (fax)
alex@montagulaw.com

*Attorneys for Plaintiffs Kraus
USA Inc. and ICG Licensing, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRAUS USA INC., and ICG LICENSING, LLC | Case No.: 16-cv-5354 |
| Plaintiffs, | ECF Case |
| - against - | |
| FOSHAN SHUNDE YAJIASKI KITCHEN CABINET CO., LTD. (d/b/a VAPSINT), | **COMPLAINT** |
| Defendant. | (JURY TRIAL DEMANDED) |

Plaintiffs Kraus USA Inc. and ICG Licensing, LLC (collectively, "Kraus" or "Plaintiffs"), by their attorneys, Aldous PLLC and MontaguLaw, P.C., as and for their Complaint against Defendant Foshan Shunde Yajiaski Kitchen Cabinet Co., Ltd. (d/b/a Vapsint) ("Defendant" or "Foshan"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for false advertising, trademark infringement, copyright infringement and unfair competition. As alleged more fully below, Defendant Foshan has copied Plaintiff Kraus's copyrightable works and has misrepresented Kraus's products as its own.

2. As a result of Defendant's willful, wrongful, and unlawful conduct, Kraus seeks an injunction, damages and other monetary relief against Defendant, including but not limited to treble damages, attorneys' fees, costs and pre- and post-judgment interest.

## PARTIES

3. Plaintiff Kraus USA Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 12 Harbor Park Drive, Port Washington, New York 11050.

4. Plaintiff ICG Licensing, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 12 Harbor Park Drive, Port Washington, New York 11050.

5. Upon information and belief, Defendant Foshan Shunde Yajiaski Kitchen Cabinet Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with its principal place of business located at 1st Industrial Area Xincun West, Bejiao, Shunde Foshan, Guangdong, China (http://www.vapsinthome.com/page/contact.aspx).

## JURISDICTION AND VENUE

6. This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and the Copyright Act, 17 U.S.C. § 101, *et seq*. As a result, pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has subject-matter jurisdiction over this action. Because Plaintiffs' unfair-competition claim is joined with substantial and related claims under the copyright and trademark laws of the

2

United States, jurisdiction is also proper pursuant to 28 U.S.C. § 1338(b), and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over Plaintiffs' state-law claims.

7. This Court has personal jurisdiction over Defendant, which has established sufficient minimum contacts with this district by, *inter alia*: (i) purposely availing itself of the privilege of conducting business activity in this district; and (ii) advertising and introducing products into the stream of commerce, causing harm in this district.

8. For example, Defendant advertises products for sale on its online store at Amazon.com, using Plaintiff Kraus's copyrighted sales and marketing materials and depicting Plaintiff Kraus's products and related descriptions. The use of these unauthorized copies of Kraus's materials falsely represent that Kraus's products are those of Defendant. As a result, Defendant has violated the Lanham Act and engaged in copyright infringement in this district.

9. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because, *inter alia*, Plaintiffs' principal place of business is located in this district. What's more, a substantial part of the events giving rise to Plaintiffs' claims occurred, and continues to occur, in this district.

**FACTUAL BACKGROUND**

10. Kraus designs, markets and sells kitchen and bathroom products and appliances, such as faucets, sinks and related accessories (the "Products"). Kraus has invested significant money, resources and effort to promote its Products throughout the United States, including in this district. Examples of sales and marketing materials, developed and used by Kraus to promote its Products, are attached hereto as Exhibit A.

11. Defendant sells kitchen and bathroom products and appliances in direct competition with Kraus. Information concerning Defendant's sink products, found at

3

Defendant's Amazon Storefront website located at https://www.amazon.com/VAPSINT/b/ref=bl_dp_s_web_9993718011?ie=UTF8&node=9993718011&field-lbr_brands_browse-bin=VAPSINT (the "Amazon Storefront"), is attached hereto as Exhibit B.

12. Defendant displays, at its Amazon Storefront (Exhibit B), photographs, images and wording that are substantially similar to – and, in some important respects, identical to – the photographs, images and wording used in Kraus's sales and marketing materials (Exhibit A).

13. For example, Defendant's Amazon Storefront (Exhibit B, pages 1-2) includes a picture of a sink under the heading "Handmade Stainless Steel Sinks; Modern Design with Versatile Style," together with a product description (using blue lines to connect various phrases to the sink) and a series of rectangular icons below the sink, providing additional product details (*e.g.*, "Handmade by Artisans" and "Sound Dampening"):



(Defendant's Example (Exhibit B))

14. Defendant's Example (Exhibit B), and its illustration and associated text/images, are nearly identical to what is found in Kraus's sales and marketing materials (Exhibit A).

4

Kraus's Example (Exhibit A, page 3) also displays a picture of a sink, under the heading "Handmade Stainless Steel Sinks; Modern Design with Versatile Style," together with a product description (using blue lines to connect various phrases to the sink) and a series of rectangular icons below the sink, providing additional product details (*e.g.*, "Handmade by Artisans" and "Sound Dampening"):



(Kraus's Example (Exhibit A))

15. Although Defendant has attempted to mask its copying with insignificant changes (*e.g.*, inserting arrows at the end of the aforementioned blue lines (instead of dots) and using a blue background for the rectangular icons (instead of a black background)), these *de minimis* changes are wholly insufficient to detract from the overall substantial similarities between Defendant's materials (Exhibit B) and Kraus's materials (Exhibit A).

16. As if these *indicia* of Defendant's willful copying of Kraus's materials were not enough to establish Defendant's false advertising, copyright infringement, trademark

infringement and unfair competition, Defendant's sales and marketing materials display an image of a towel (Exhibit B, pages 3-4), bearing the KRAUS trademark. This picture is a complete and unaltered copy of an image taken directly from Kraus's sales and marketing materials (Exhibit A, page 1).

17. In an attempt to deceive and to confuse customers and other visitors to Defendant's Amazon Storefront, and by copying Kraus's sales and marketing materials and by using the KRAUS trademark, Defendant has willfully, wrongfully, and unlawfully misrepresented Kraus's products as its own.

18. Plaintiff Kraus owns U.S. copyright registration No. VAu 1-241-255 , U.S. copyright registration No. TXu002001224, copies of which are attached hereto as Exhibit C, and U.S. copyright application No. 1 ‐ 3032171841. The titles of the works are "Kraus Icons - 2015", "Kraus Ad - KHU100-30 (Sink)", and "Kraus Marketing Images and Copy - 2015" (the "Copyrighted Works"). The copyright registrations for the Kraus Icons – 2015 work and Kraus Ad - KHU100-30 (Sink) work were granted on January 11, 2016, and July 15, 2016, respectively, and the copyright application for the Kraus Marketing Images and Copy – 2015 work is pending.

19. Plaintiff ICG is a trademark holding company which is the owner of trademarks consisting of the word "KRAUS," alone and in conjunction with a design component. ICG has granted Plaintiff Kraus the exclusive right to use the KRAUS mark in connection with the Products. Plaintiff ICG owns U.S. trademark registration No. 3478541 for the mark KRAUS, a copy of which is attached hereto as Exhibit D. This trademark registration covers various items, including sinks, faucets, showers, and shower heads.

20. Defendant has infringed, and continues to infringe, Plaintiff Kraus's copyrights by displaying copies of Kraus's sales and marketing materials on Defendant's Amazon Storefront without Kraus's permission. Plaintiff Kraus has been damaged by Defendant's willful, wrongful, and unlawful infringement of Kraus's copyrights.

21. Defendant has infringed, and continues to infringe, Kraus's trademark rights by using the KRAUS trademark on Defendant's Amazon Storefront without Kraus's permission. Kraus has been damaged by Defendant's willful, wrongful, and unlawful infringement of the KRAUS trademark.

22. Defendant's actions, as alleged herein, have damaged Kraus and constitute unfair competition under New York law.

### FIRST CAUSE OF ACTION
(Federal Trademark Infringement Under 15 U.S.C. §§ 1114 and 1125(a))

23. Plaintiffs repeat and re-allege the allegations of Paragraph 1 through 22 hereof, as if set forth fully herein.

24. Defendant has displayed, and continues to display, unauthorized copies of Plaintiff Kraus's sales and marketing materials on Defendant's Amazon.com Storefront, including a copy of Plaintiff Kraus's product bearing the KRAUS trademark, thereby falsely misrepresenting Plaintiff Kraus's products as Defendant's own.

25. Defendant has never sought or obtained Kraus's permission to use these materials on Defendant's Amazon Storefront or otherwise.

26. Defendant uses its Amazon Storefront to advertise, to offer for sale, and to sell its products to customers located throughout the United States. Defendant's false and misleading representations of facts are likely: (i) to confuse consumers; (ii) to cause customers to mistake

Defendant's products for those manufactured by Plaintiffs; and (iii) to deceive customers as to Plaintiffs' approval of Defendant's goods and commercial activities.

27. Defendant knowingly, deliberately, and willfully committed the aforementioned actions, and Defendant committed the aforementioned actions with knowledge that its use of Plaintiffs' trademark and sales and marketing materials was intended to cause confusion, to cause mistake, and to deceive customers and other visitors to Defendant's Amazon Storefront.

28. Defendant's aforementioned actions have damaged, and continue to damage, Plaintiffs, both economically and otherwise.

29. Defendant's actions constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

30. Upon information and belief, Defendant's false and misleading representations have injured, and will continue to cause immediate and irreparable injury and damage to, Plaintiffs. Plaintiffs have no adequate remedy at law for these injuries. Such immediate and irreparable injury and damage will continue unless and until the Court enjoins Defendant. Accordingly, Plaintiffs are entitled to an injunction under 15 U.S.C. § 1116, prohibiting Defendant from taking further actions in violation of the Lanham Act.

31. Plaintiffs are entitled to recover from Defendant any gains, profits, and advantages obtained by Defendant as a result of Defendant's above-alleged acts, any damages that Plaintiffs have sustained (and will sustain), and the costs of the action. 15 U.S.C. § 1117(a). At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs.

32. Upon information and belief, Defendant knew that the representations were false, and Defendant willfully and deliberately continued to make its misrepresentations. As a result,

this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), and Plaintiffs are thereby entitled to: (i) an accounting of Defendant's profits resulting from Defendant's violations of the Lanham Act; and (ii) the recovery of Plaintiffs' reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

33. Upon information and belief, Plaintiffs are also entitled to recover increased damages above the amount found as actual damages, not exceeding three times such amount, as provided by 15 U.S.C. § 1117(a).

34. Plaintiffs further request, pursuant to the Lanham Act, 15 U.S.C. § 1118, that the Court order the destruction of all labels, signs, prints, packages, wrappers, receptacles, and sales and marketing materials bearing unauthorized copies of Plaintiffs' sales and marketing materials and trademark.

## SECOND CAUSE OF ACTION
(Unfair Competition Under 15 U.S.C. § 1125(a))

35. Plaintiffs repeat and re-allege the allegations of Paragraph 1 through 34 hereof, as if set forth fully herein.

36. Defendant's use of the KRAUS trademark to promote, market and sell Defendant's products in direct competition with Plaintiffs constitutes unfair competition pursuant to 15 U.S.C. § 1125(a). Defendant's use of the KRAUS mark is likely to cause confusion, mistake and deception among consumers. Defendant's unfair competition has caused and will continue to cause damage to Plaintiffs, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law. Defendant is directly liable for these actions.

## THIRD CAUSE OF ACTION
### (Infringement Under the Copyright Act, 17 U.S.C. § 101, *et seq.*)

37. Plaintiffs repeat and re-allege the allegations of Paragraph 1 through 36 hereof, as if set forth fully herein.

38. As the owner of the copyright to the Copyrighted Works, Plaintiff Kraus has the exclusive rights, pursuant to 17 U.S.C. §§ 101 *et seq.*, to reproduce, to prepare derivative works based upon, to distribute copies of, to authorize another to reproduce, to prepare derivative works based upon, and to distribute, the Copyrighted Works.

39. Upon information and belief, Defendant had access to the Plaintiff Kraus's website at http://www.kraususa.com/ and to Kraus' Amazon storefront at https://www.amazon.com/Kraus/b/ref=bl_dp_s_web_2595020011?ie=UTF8&node=2595020011&field-lbr_brands_browse-bin=Kraus, both of which were and are freely available to the general public.

40. Based upon a review of the portion of Defendant's Amazon Storefront depicted in Exhibit B, Defendant has copied at least three photographs from the Copyrighted Works.

41. Defendant knowingly, deliberately and willfully copied the aforementioned material from the Copyrighted Works.

42. In order to sell products in direct competition with Plaintiff Kraus, Defendant knowingly, deliberately and willfully used the aforementioned copyrighted material on Defendant's Amazon Storefront, thereby causing Plaintiff Kraus monetary and other damages.

43. Plaintiff Kraus is entitled to recover from Defendant the damages that Plaintiff Kraus has sustained (and will sustain), together with any gains, profits and advantages obtained by Defendant as a result of Defendant's willful, wrongful, and unlawful conduct. 17 U.S.C. § 504. At present, the amount of such damages, gains, profits and advantages cannot be fully

ascertained by Plaintiff Kraus. Alternatively, Plaintiff Kraus is entitled to statutory damages, pursuant to 17 U.S.C. § 504.

44. Pursuant to 17 U.S.C. § 502, Plaintiff Kraus is also entitled to an injunction, prohibiting Defendant from further infringing the Copyrighted Works.

45. Pursuant to 17 U.S.C. § 505, Plaintiff Kraus is also entitled to reasonable attorneys' fees, expenses and costs.

## FOURTH CAUSE OF ACTION
### (Unfair Competition)

46. Plaintiffs repeat and re-allege the allegations of Paragraph 1 through 45 hereof, as if set forth fully herein.

47. Defendant's use in commerce of the KRAUS trademark and unauthorized copies of Plaintiff Kraus's sales and marketing materials on its Amazon Storefront, as alleged herein, constitute unfair competition under New York law. Defendant's conduct exceeds the bounds of fairness and commercial morality, and Plaintiffs have been damaged by such conduct. Defendant's conduct was willful and entitles Plaintiffs to punitive damages.

48. Defendant's conduct, as alleged herein, has caused and will continue to cause, unless enjoined, confusion and deception to the trade and to the public, together with serious and irreparable injury to Plaintiffs. Accordingly, Plaintiffs request that the Court: (i) issue a temporary restraining order, *ex parte* and/or after a hearing; and (ii) temporarily and permanently enjoin Defendant from engaging in unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, in addition to the relief requested elsewhere herein, Plaintiffs request that:

(i) On the first cause of action for federal trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), awarding monetary damages to Plaintiffs and against Defendant in an amount to be determined at trial, together with treble damages, exemplary damages, pre-judgment interest, post-judgment interest, expenses, costs and attorneys' fees;

(ii) On the first cause of action for federal trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with them, from further violations of the Lanham Act and further use in interstate commerce of Plaintiffs' trademark;

(iii) On the second cause of action for federal unfair competition under 15 U.S.C. § 1125(a), preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with them, from further misrepresentations of Plaintiffs' products as those of Defendant and other similar violations of the Lanham Act and further use in interstate commerce of Plaintiffs' trademark, including the removal of the unauthorized copies of Plaintiffs' sales and marketing materials from Defendant's Amazon Storefront, and awarding monetary damages to Plaintiffs and against Defendant in an amount to be determined at trial, together with pre-judgment interest, post-judgment interest, expenses, costs and attorneys' fees;

(iv) On the third cause of action for infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*, awarding monetary damages to Plaintiff Kraus and against Defendant

in an amount to be determined at trial, together with pre-judgment interest, post-judgment interest, expenses, costs and attorneys' fees;

(v) On the third cause of action for infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*, preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with them, from further use of Plaintiff Kraus's Copyrighted Works, including the removal of the unauthorized copies of Plaintiff Kraus's sales and marketing materials from Defendant's Amazon Storefront;

(vi) On the fourth cause of action for unfair competition under New York law, preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with them, from further misrepresentations of Plaintiffs' products as those of Defendant and other similar acts of unfair competition, and awarding monetary damages to Plaintiffs and against Defendant in an amount to be determined at trial, together with pre-judgment interest, post-judgment interest, expenses, costs and attorneys' fees;

(vii) Awarding such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues triable of right by a jury.

Dated:   New York, New York
         September 27, 2016

        **ALDOUS PLLC**

        By: _/s/ Kenneth E. Aldous_
            Kenneth E. Aldous

        555 Fifth Avenue, 17th Floor
        New York, New York 10017
        (212) 856-7281 (tel)
        (646) 607-9363 (fax)
        kaldous@aldouspllc.com

        **MONTAGULAW, P.C.**

        Alexandre A. Montagu
        1120 Avenue of the Americas, 4th Floor
        New York, New York  10036
        (212) 996-1287 (tel)
        (212) 996-9579 (fax)
        alex@montagulaw.com

        *Attorneys for Plaintiffs Kraus*
        *USA Inc. and ICG Licensing, LLC*